IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No. 3:20-CV-00618-FDW-DSC

| | |
|---|---|
| WILLIAM CLINTON BUNDY, JR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **STIPULATED ORDER REGARDING** |
| CITYSWITCH II LLC, *et al.*, ) | **CONFIDENTIALITY OF DISCOVERY** |
| ) | **MATERIAL** |
| Defendants. ) | |
| ) | |

**STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY
MATERIAL AND NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE
AND WORK PRODUCT PROTECTION**

Whereas, the parties have stipulated that certain discovery materials be treated as confidential and that certain provisions of Fed. R. Evid. 502 be incorporated in an order;

Accordingly, it is this tenth day of December, 2021, by the United States District Court for the Western District of North Carolina , ORDERED:

1. **Designation of Discovery Materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."** All documents produced in the course of discovery by any party or non-party (hereinafter the "Producing Party"), all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits (collectively, the "Discovery Materials") shall be subject to this Order concerning confidential information, as set forth below:

    (a) **Confidential Information.** The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its

1

legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

(b) **Attorneys' Eyes Only Information.** The designation of highly confidential, Attorneys' Eyes Only information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "ATTORNEYS' EYES ONLY". A Producing Party may designate material as "ATTORNEYS' EYES ONLY" only when the Producing Party in good faith believes:

(i) Such material contains either a) customer or subscriber data and analysis; b) pricing information related to the Producing Party's contractual relationship with a party or non-party; or c) proprietary technical information, such as design specifications; and/or

(ii) The disclosure of such material would create a substantial risk of serious competitive injury to either a) the Producing Party or b) a non-party, if the Producing Party is contractually obligated to maintain the confidentiality of such material.

The disclosure of such material would create a risk of serious competitive injury to either a) the Producing Party or b) a non-party, if the Producing Party is contractually obligated to maintain the confidentiality of such material including but not limited to (c) current or future business strategies and other strategic

2

planning information; (d) projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; (e) research and development information; (f) board of directors materials and presentations; (g) customer lists or information; (h) negotiation strategies; (i) proprietary software, systems, or processes; (j) margin, cost, and pricing information; (k) trade secrets; or (l) intellectual property;

(iii)     Applicable privacy law requires personnel files, or portions thereof, to be so protected, and/or

(iv)     Applicable law requires any other information to be so protected provided the reason for the designation of Attorneys' Eyes Only if provided by the Producing Party at the time of production.

(c)     **Designation.**  A Producing Party shall not routinely designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or make such designations without reasonable inquiry to determine whether it qualifies for such designation.  A Producing Party who designates material as "ATTORNEYS' EYES ONLY" shall only use such designation for the portion of any document that contains information that meets the criteria set forth in Section 1(b) above.  The designation of "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" information shall be made prior to, or contemporaneously with, the production or disclosure of that information.  If Discovery Materials claimed to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are produced without such designation, the Producing Party may request in writing that such Discovery Materials and all copies thereof be stamped "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".  The receiving party must comply with the request within five business days of receiving the

3

request and will use reasonable efforts to retrieve any copies of documents that may have been disseminated prior to receiving the request and inform the Producing Party of the results of its efforts. Within sixty days of receipt of any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the receiving party may challenge the designation of the information as provided in this Order, but the inadvertent production of Discovery Materials (including, without limitation, testimony) claimed to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" without that designation shall not constitute a waiver of confidentiality.

(d)     **Designation Related to Depositions.** Portions of depositions of a party or non-party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony that describes a document that has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(e)     **Limitations on Use.** Discovery Materials that have been provided (before or after entry of this Order) in discovery in the above-captioned litigation ("this litigation") and that have been designated as "CONFIDENTIAL or "ATTORNEYS' EYES ONLY" shall be used or disclosed solely for the purpose of the prosecution or defense of this litigation, including preparing for and conducting pre-trial, trial and post-trial proceedings in this litigation, and for no other purpose. These materials shall not be used or disclosed for any

business, commercial or competitive purpose and shall not be used or disclosed in connection with any other litigation or proceeding.

(f) **Permissible Disclosures of "CONFIDENTIAL" Information.** The parties and the parties' outside counsel at Williams Mullen and Holland & Knight LLP (hereinafter "Outside Counsel") shall not disclose or permit the disclosure of any Discovery Materials designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to employees of Outside Counsel.

(ii) Disclosure may be made to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to a third-party deponent or third-party trial witness who is the author, addressee, or recipient of a document. Disclosure may also be made to the corporate designee for the entity that employed such author, addressee, or recipient at the time of the document's creation or transmission.

(iv) Disclosure may be made to any litigation support service companies specifically engaged by Outside Counsel for the limited purpose of assisting in the processing or production of electronically-stored information or in making photocopies of documents. Outside Counsel must take reasonable steps to ensure that the confidentiality of such documents is maintained by such litigation support service companies.

(v) Disclosure may be made to court reporters engaged for depositions.

(vi) Any person to whom disclosure is made pursuant to (i)-(v) shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the Discovery Materials be held in confidence.

(vii) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "Experts") retained by Outside Counsel to assist in the preparation and trial of the lawsuit. Prior to disclosure to any Expert, the Expert to whom the disclosure is made must be informed of this Order and must execute the attached Exhibit A agreeing to be subject to the provisions of this Order.

(g) **Permissible Disclosures of "ATTORNEYS' EYES ONLY" Information.** Upon receiving Discovery Materials designated as "ATTORNEYS' EYES ONLY," Outside Counsel shall not disclose or permit the disclosure of any of these Discovery Materials to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to employees of Outside Counsel. Any such employee to whom Outside Counsel makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the Discovery Materials be held in confidence.

(ii) Disclosure may be made to a deponent or trial witness who is the author, addressee, or recipient of the document.

(iii) Disclosure may be made to a corporate designee for the Producing Party that designated the Discovery Material as "ATTORNEYS' EYES ONLY."

(iv) Disclosure may be made to court reporters engaged for depositions. Prior to disclosing any Discovery Materials designated as "ATTORNEYS' EYES

6

ONLY" to any such court reporter, such person must agree to be bound by the terms of this Order .

(v) Disclosure may be made to any litigation support service companies specifically engaged by Outside Counsel for the limited purpose of assisting in the processing or production of electronically-stored information or in making photocopies of documents. Prior to disclosure of Discovery Materials designated as "ATTORNEYS' EYES ONLY" to any such litigation support service companies, such company must agree to be bound by the terms of this Order.

(vi) Disclosure may be made to Experts retained by Outside Counsel to whom it is necessary that "ATTORNEYS' EYES ONLY" materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation. Prior to disclosure to any Expert, the Expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence;

(vii) Disclosure may be made to other persons only upon written consent of the producing or designating person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

(viii) Except as provided in subparagraphs (f) and (g) above, counsel for the parties shall keep all Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(ix) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Discovery Materials designated as confidential under this Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if those words do not already appear.

2. Nothing contained in this Confidentiality Order shall preclude any party from redacting information that is irrelevant to the prosecution or defense of this litigation, and each party expressly reserves the right to redact any such irrelevant information from the Discovery Materials produced in this litigation. If the party receiving materials containing redactions for irrelevant information believes in good faith that specific redactions are improper, the receiving party shall notify the producing party and meet and confer regarding the propriety of the identified redactions. If the parties are unable to agree, the redaction may be challenged upon motion by the receiving party. The burden of proving the irrelevant nature of the redacted information remains with the party asserting the irrelevant nature of the material. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

3. **Confidential and/or Attorneys' Eyes Only Information Filed with Court**. To the extent that a party intends to submit a motion discussing or attaching any materials designated by another party as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the moving party must inform the designating party of their intent to file the material and ask the designating party to promptly respond and confirm whether the designating party continues to contend that the material merits confidentiality and/or whether the confidential information may be protected through redaction or other means. If the parties are unable to agree upon what, if any, information should be included in any public filing, then those materials and papers, or any portion thereof which

discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a separate motion pursuant to L.R. 6.1(c) (hereinafter the "Sealing Motion"). Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Sealing Motion; provided, however, that the filing of the Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (5) of this Confidentiality Order.

4. **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

5. **Challenging Designation of Confidentiality.** A designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

6. **Use of Confidential or Attorneys Eyes Only Documents or Information at Trial**. This protective order shall apply until the commencement of trial. The Court may thereafter issue such orders as are necessary to govern the use of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information at trial.

7. **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the

Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

8. **Non-waiver of attorney-client privilege and work product protection.** The parties have stipulated that, pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney–client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection in order to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The parties intend that this stipulation shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made in order to support an affirmative use of the Document in support of the party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

9. **Return of Privileged or Protected materials.** Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the Producing Party claims as Privileged or Protected shall, upon written request, promptly be returned to the Producing Party and/or destroyed, at the Producing Party's option. If the underlying claim of Privilege or

Protection is contested, the requesting party shall comply with, and may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B).

    (a)    For purposes of paragraph 9, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

    10.    The terms of this Order shall apply to all manner and means of discovery. The provisions of this Order may be modified at any time by stipulation of the parties, approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Order. Nothing in this Order shall constitute (a) any agreement to produce in discovery any testimony, document or other information; (b) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation; or (c) a waiver of any claim or immunity, protection, or privilege with respect to any testimony, document or information.

    11.    This Order shall remain in force and effect until modified, superseded or terminated by agreement of the parties hereto or by order of the Court. The termination of this action shall not relieve the parties from complying with any limitations imposed by this Order, and the Court shall retain jurisdiction to enforce this Order.

    **SO ORDERED**.

Signed: December 10, 2021

_____
David S. Cayer
United States Magistrate Judge

# EXHIBIT A

## CERTIFICATION

I, _____, state the following:

1.    I have read and understand the attached Order Regarding Confidentiality of Discovery Material and I attest to my understanding that access to information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be provided to me and that such access shall be pursuant to the terms, conditions, and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information. If I fail to abide by the terms of this Order, I understand I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Order.

Signature: _____

Print name: _____

Date: _____

12

Case 3:20-cv-00618-FDW-DSC   Document 40   Filed 12/10/21   Page 12 of 12